**Parrish v. Wilson**

*Alan M. Herman* and *John Dodig*, for plaintiffs.
*Joseph R. Fowler*, for defendants.

BERNSTEIN, *J.*, September 11, 2013—John A. Parrish and Maria Parrish appeal from the order of this court on July 17, 2013. This case has a long and tortuous history, which in essence surrounds the law firm Zarwin,

Baum, DeVito, Kaplan, Schaer & Toddy, P.C.'s attempt to collect their attorney fees for at one time representing Maria Parrish Tungol in this very matter.[1] The law firm's motion to place the proceeds of the *Parrish v. Wilson and Taystee Baking Company* settlement into escrow with the prothonotary of the First Judicial District was eventually granted by Judge Quinones on April 28, 2008. Since that time, the amount of $68,000.00 has remained on deposit with the prothonotary. Numerous petitions by the law firm for release of the funds were submitted and repeatedly denied by Judge Quinones, because she had previously ordered an attorney fee petition. The law firm failed to submit any attorney fee petition justifying their request. To date, the law firm has failed to provide any attorney fee petition justifying their fees.

The December 8, 2011 order denying the law firm's petition to release the funds, was appealed to the Superior Court. By order filed December 5, 2012, a copy of which is attached hereto, the Superior Court per curiam concisely summarized the petition's tortuous history and dismissed the appeal because the order from which the appeal was taken "merely denied appellant's request for release of part of the escrow funds, but did not otherwise adjudicate the final disposition of the funds," and therefore was not a final order.

Subsequent to the order of the Superior Court of December 5, 2013, the law firm filed repeated additional motions. Judge Quinones repeatedly denied these additional motions. Judge Quinones was then appointed to

---

1. Indeed the law firm has a judgment against Ms. Tungol entered on February 5, 2007 in the amount of $27,227.55, plus pre-judgment and post-judgment interest at six percent (6%) per annum.

the United States District Court for the Eastern District of Pennsylvania by President Obama on November 27, 2012. On June 13, 2013, the United States Senate confirmed Judge Quinones as a Judge of the United States District Court for the Eastern District of Pennsylvania.

Accordingly, the law firm's May 16, 2013 petition to approve attorney fees and satisfy attorney lien was assigned to Judge Mark I. Bernstein. Since a judge of coordinate jurisdiction should not reconsider the order of a fellow judge of concurrent jurisdiction, this court denied the petition to approve attorney fees and satisfy attorney lien. In that order, this court specifically cited the concurrent jurisdiction rule.[2]

Undeterred, with their attorney fees still remaining in escrow and the order of the Superior Court of the December 5, 2012 barring any appeal of either Judge Quinones' order denying the request to release funds from the escrow account or Judge Bernstein's denial of that same petition because neither adjudicated the final disposition of the funds, the law firm filed a motion for reconsideration of this court's denial of the petition to approve fees and satisfy attorney lien in order to, at a minimum, get a final ruling which at least could be appealable if they were not successful.

Upon realizing that the law firm found itself in a catch twenty-two of a) having a judgment against one of the two plaintiffs, b) having the funds to satisfy that judgment held in escrow, c) the judgment being precisely on account of their work to obtain the settlement which is the source of

---

2. *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003) ("[J]udges of coordinate jurisdiction should not overrule each other's decisions.")

512

the funds held in escrow, and d) an inability to appeal what they considered a final order but the Superior Court did not, this court reviewed the entire situation. Upon detailed review, this court concluded that sufficient proof has been adduced to demonstrate that there is in fact an attorney's lien in the amount of $41,440.83, plus $4.48 per day interest from October 27, 2011 through the date of release, upon the funds interpleaded to the prothonotary's office. This court determined that an order which disposes of all the escrowed money, and is therefore final and appealable, should and could properly be entered in accordance with the December 5, 2012, order of the Superior Court. Accordingly, since the plaintiffs have no valid claim to the attorney's lien funds for work done on this very case[3], the funds should be dispersed to the law firm.

Therefore, the $68,000 maintained by the prothonotary in escrow should properly be dispersed to the parties in interest including the law firm as per the instant order dated July 17, 2013.

---

3. Plaintiffs have never filed anything to receive any share of the funds held in escrow.